[No. 25268. Department One. March 4, 1935.]

THERESE NAGLER, *Appellant,* v. G. L. YOUMANS, *Respondent.*[1]

William A. Johnson, for appellant.
Roberts & Skeel and Frank Hunter, for respondent.

TOLMAN, J.—This is an action to recover for personal injuries received in an automobile accident. The plaintiff, appellant here, was a guest in the car which capsized, and she sued, not the driver of the car in which she was riding, but the driver of the overtaking and passing car, which did not at any time come in contact with the car which capsized and caused the injuries.

The cause was tried to the court, sitting without a jury. Findings of fact were made, from which were

[1] Reported in 41 P. (2d) 791.

drawn the conclusions that the plaintiff's injuries were the direct result of the negligence of the driver of the car in which she was riding, and that the defendant was not negligent. A judgment dismissing the action with prejudice followed, from which the plaintiff has appealed.

No statement of facts is brought to this court. The appellant here, while questioning certain of the findings as being conclusions of law and not of fact, by her assignments of error asserts that the facts properly found are sufficient to warrant and require the conclusion that the respondent was negligent, and that his negligence was a proximate cause of the injuries. Omitting the formal opening and closing only, we set forth the findings in full:

"(1) That at the time herein mentioned the Tacoma-Seattle highway was and is a double highway, running approximately north and south, consisting of two twenty-foot wide pavements which are separated from each other by a four foot wide gravel strip. In each pavement running north and south there is a black tar expansion joint. To the east of the northbound pavement is a dirt and gravelled shoulder, eight feet wide, seven feet of which was solid ground.

"(2) That on July 6, 1933, the plaintiff was a guest in an automobile, a Dodge sedan, then and there being operated by a Mrs. Sameth. In that automobile were five persons: Mrs. Sameth, the driver, and to her right her sister Mrs. Allen. Directly behind the driver sat the plaintiff and to her right were two young children. This party had assembled for a day's outing near Tacoma. The party left Tacoma about 5 o'clock p. m. and had arrived at a point approximately 13 miles south of Seattle, where the accident of which the plaintiff complains occurred.

"(3) At the point of the accident, the defendant was overtaking the Sameth car. Defendant was driving a Buick automobile and with him was a sailor, W. E. Hampton. The Sameth car was traveling quite near the center of the north bound pavement at a speed

of from thirty to thirty-five miles an hour. Defendant was traveling forty to forty-five miles per hour, and when some two or three hundred feet behind the Sameth car, sounded his horn. When about one hundred feet behind the Sameth car, he again sounded it and when within fifteen feet or twenty feet of it, again sounded it. These blasts went unnoticed by the plaintiff herself and in response to them, the relative position of the Sameth car upon the highway was not changed. The ladies in the front seat of the Sameth car were busily talking.

"(4) When the Sameth car did not move over to its right in response to the several soundings of the defendant's horn, the defendant sounding a final horn when about five or ten feet from the Sameth car, steered somewhat to his left and passed it. The two cars did not come in contact. At the time of passing, there was a space of three or four feet separating the two vehicles. As the Youmans car was passing, the plaintiff's driver, Mrs. Sameth, glancing to her left for the first time realized that the Youmans car was in her immediate vicinity and noticing its right front fender and wheel thereon, became excited, lost her head, swerved the car sharply to the right onto the shoulder of the highway, then caused her car to travel in a zigzag fashion back onto the pavement, as a result of all of which the Sameth car rolled over on the pavement and as a result of its rolling, the plaintiff was thrown out of the automobile onto the pavement sustaining personal injuries resulting in damage to her in the sum of two thousand dollars and one hundred seventy-five dollars for medical and surgical attendance.

"(5) The proximate cause of the accident was the failure of the plaintiff's driver to maintain control of herself and of her automobile and in unnecessarily turning her car sharply to the right and onto the shoulder of the highway, and then turning same sharply to the left in zigzag fashion back on the pavement until it overturned."

Appellant contends that these findings establish negligence on the part of respondent in three particulars:

(1) That he, violated the speed limit of forty miles per hour as established by statute (Rem. Rev. Stat., § 6362-3 [P. C. § 196-3]); (2) that he did not give the signals which the statute requires before attempting to pass (Rem. Rev. Stat., § 6362-41 [P. C. § 196-41]); and (3) that his attempt to pass was not made at a suitable place safe for both vehicles (Rem. Rev. Stat., § 6362-41 [P. C. § 196-41]).

As to the first question, since it was found that the respondent was traveling at from forty to forty-five miles per hour, it may be conceded that there was a slight infraction of the statutory command, but there is no finding that such violation of the statute was the proximate cause of the accident. Moreover, the direct finding that "the proximate cause of the accident was the failure of the plaintiff's driver to maintain control of herself and of her automobile" directly negatives the idea that there was any other proximate cause.

The second question is largely answered by the same argument to the effect that, whatever was done in regard to sounding the horn, even though the statute may have been violated, nothing thus done or omitted was a proximate cause of the accident. More than this, there is nothing in the findings to indicate how or in what manner or by how many blasts the several soundings of the horn referred to were each made. Since negligence and law violation are not presumed and all intendments and inferences must be made in favor of the findings, we must necessarily assume that each sounding of the horn was made in full compliance with the statute.

The third question is not seriously presented. If, as the trial court found, the overtaking car passed with a space of three or four feet intervening between it and the car which it was passing, no court could say,

as a matter of law, that the place of passing was not suitable and safe for both vehicles.

If the findings be construed so as to establish negligence upon the part of the respondent in any particular, still, with no finding that such negligence was a proximate cause of the accident and with a positive finding that the negligence of another was the proximate cause, the findings can support no judgment except the one which was entered.

Judgment affirmed.

MILLARD, C. J., MAIN, BEALS, and GERAGHTY, JJ., concur.